**Petro BUSHO; Imelda Busho, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

No. 02–4206.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

953

Robert M. Birach, Detroit, MI, for Petitioners.

Emily A. Radford, Aviva L. Poczter, U.S. Department of Justice Office of Litigation, Washington, DC, for Respondents.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

*ORDER*

Petro and Imelda Busho, citizens of Albania currently residing in Michigan, petition through counsel for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's decision denying their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture, but granting their request for voluntary departure. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

The Bushos, husband and wife, entered this country from Albania in 1996. They were placed in removal proceedings for overstaying their visas. They conceded removability but applied for the relief noted above. A hearing was held before an immigration judge (IJ), who denied all relief except for voluntary departure. The BIA affirmed this decision without opinion, giving the Bushos thirty days to voluntarily depart. In their brief before this court, the Bushos reassert the merits of their claims and argue that the IJ erred in making a negative credibility finding against them. They ask the court to reinstate the period of voluntary departure granted below in the event their petition is denied. Respondents argue that the petition should be denied for the reasons stated by the IJ, and that this court lacks jurisdiction to reinstate the period of voluntary departure. This court previously granted a motion for a stay of removal pending the appeal.

In order to be eligible for the discretionary relief of asylum, an alien must establish that he suffered past persecution or has a well-founded fear of future persecu-

tion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). A decision denying asylum may be reversed only where the evidence is so compelling that no reasonable fact finder could fail to find the requisite fear of persecution. *Id.* at 483–84. The alien bears the burden of proving eligibility for asylum. *Koliada v. INS,* 259 F.3d 482, 487 (6th Cir.2001).

In this case, the Bushos alleged that Petro Busho lost his job in a factory in 1993 because he was elected head of the union and petitioned for better working conditions. He alleged that he was unable to find another factory job, but tried to support his family by fishing. His wife worked as a school teacher. Further, the Bushos stated that they were evicted from their room for three weeks in 1995, until they were able to arrange a lease with the new owner of the property, which had formerly been owned by the government. Finally, the Bushos argued that they feared that their children would be kidnapped if they returned and it became known that they had been living in the United States and probably would be able to pay ransom. The Bushos have two sons who remained in Albania, living with their grandparents.

■ The Bushos object to the IJ's noting of a few discrepancies between their asylum applications and their testimony. This issue is not material, as the IJ stated that the Bushos would not have established eligibility for asylum even if all of their allegations were believed. The fact that Petro Busho lost his job because of his union activities did not amount to persecution. There was also no basis for believing that the three-week eviction was based on persecution on the basis of race, religion, nationality, social group, or politi-

cal opinion. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). The testimony regarding the possibility that their children would be kidnapped did not establish a well-founded fear of future persecution. The children have been living with their grandparents since 1996 and have not been threatened, although it could have become known that their parents were living in this country. Nor would such a criminal act constitute persecution based on one of the protected grounds.

■ Because the Bushos failed to establish eligibility for asylum, they were necessarily unable to meet the more rigorous standard for withholding of removal. *Id.* at 391. They also failed to demonstrate that they had been subject to torture, or would be subject to future torture, in order to be entitled to relief under the Convention Against Torture.

■ Finally, the court lacks jurisdiction to reinstate the voluntary departure period originally granted below, but the Bushos may apply for such relief from the district director. *Zazueta–Carrillo v. Ashcroft,* 322 F.3d 1166, 1172 (9th Cir.2003); *Castaneda v. INS,* 23 F.3d 1576, 1580–83 (10th Cir.1994).

For all of the above reasons, the petition for review is denied.